1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN, | No. 2:25-cv-0589-DC-CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ON HABEAS CORPUS, | |
| Respondent. | |

      Petitioner Jeffrey Wren, a state prisoner, filed a form document for a "Motion under 28 U.S.C. § 2255" on February 14, 2025, which the court construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) In an order filed on February 25, 2025, the court ordered petitioner to submit an affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee for an application for writ of habeas corpus brought under § 2254. Petitioner was cautioned that failure to do so would result in a recommendation that this action be dismissed. The thirty-day period to do so has expired and petitioner has not paid the filing fee or filed an application to proceed in forma pauperis.

      On March 6, 2025, petitioner filed a letter to the undersigned magistrate judge stating he filed this case under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2254, does not intend to pay the filing fee; he appears to request that this case be closed. (See ECF No. 5 at 1 ("Cancel Terminate 2:25-cv-00589 CKD I aint 2254").) On March 12, 2025, petitioner filed another letter to the

undersigned magistrate judge stating he filed this case under 28 U.S.C. § 2255 and does not intend to bring an action under 28 U.S.C. § 2254. (ECF No. 7 at 1-2.)

By its express terms, however, 28 U.S.C. § 2255 applies to prisoners in federal custody. See 28 U.S.C.A. § 2255(a) (setting forth the circumstances under which "a prisoner in custody under sentence of a court established by Act of Congress… may move the court which imposed the sentence to vacate, set aside or correct the sentence"). Section 2255 does not apply to prisoners like petitioner who are confined in state prison. See id.

In light of petitioner's request to terminate the case opened under 28 U.S.C. § 2254, and failure to pay the filing fee or request leave to proceed in forma pauperis, the undersigned will recommend this action be dismissed without prejudice.

In accordance with the above, IT IS RECOMMENDED as follows:

1. This action be dismissed without prejudice.

2. Petitioner's pending motions (ECF Nos. 5, 7) be denied as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. In any objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 26, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, wren0589.fr